Darren Neilson, USB No. 15005
PARSONS BEHLE & LATIMER
201 S. Main Street, Suite 1800
Salt Lake City, UT  84111
Telephone:  (801) 532-1234
Facsimile:  (801) 536-6111
Email: DNeilson@parsonsbehle.com


Christopher Cuneo, (pro hac vice forthcoming)
PARSONS BEHLE & LATIMER
800 W Main Street, Suite 1300
Boise, ID  83702
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
Email: CCuneo@parsonsbehle.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| Safe Solar, L.C., a Utah limited liability company <br><br> Plaintiff, <br><br> v. <br><br> nCAP Holdings, LLC, a Utah limited liability company; nCAP Licensing LLC, a Utah limited liability company; nCAP Medical, LLC, a Utah limited liability company <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 1**

## Complaint for Declaratory Judgment of Non-Infringement

Plaintiff Safe Solar, L.C. ("Plaintiff" and "Self Solar") files this declaratory judgment of non-infringement complaint against Defendants nCAP Holdings, LLC, nCAP Licensing LLC, and nCAP Medical, LLC, (collectively the "Defendants" and "nCAP") and alleges as follows:

## Nature of Action

1.     This action is based on the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.     Plaintiff seeks a declaration of non-infringement of:

   a.     U.S. Patent No. 10,707,570 ("the '570 Patent") entitled "Techniques for pain relief" issued July 7, 2020.

   b.     U.S. Patent No. 11,380,985 ("the '985 Patent") entitled "Techniques for pain relief" issued July 5, 2022. And,

   c.     U.S. Patent No. 11,967,761 ("the '761 Patent") entitled "Techniques for pain relief" issued April 23, 2024.

   (Collectively, the "Patents-in-Suit").

3.     Defendants have accused Plaintiff's application patch products and the related technology, used to assist with human and animal pain relief, of infringing one or more claims of the Patents-in-Suit. Plaintiff's patch products are independently sold under its own brand, and the technology is licensed to third-party(ies) for use in third-party manufactured products.

4.     An actual justiciable controversy exists between Plaintiff and Defendants that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer for sale, and sale, as well as the licensing of its products and technology, has not infringed, or otherwise

violated the Patents-in-Suit or other intellectual property rights, of Defendants under U.S. or applicable state law.

5.      Defendants' intended assertion of claims of patent infringement based on Plaintiff's patch products and the related technology has threatened Plaintiff's business, and has created a present, genuine, and justiciable controversy between Plaintiff and Defendants. For these reasons, and as alleged more particularly herein, Plaintiff brings this action for a declaratory judgment of non-infringement, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that Plaintiff does not infringe the Patents-in-Suit.

## **The Parties**

6.      Plaintiff is a limited liability company organized under the laws of Utah and has its principal place of business in Utah County, State of Utah.

7.      Defendant nCAP Holdings, LLC is a limited liability company organized under the laws of Utah and has a principal place of business in Wasatch Count, State of Utah.

8.      Defendant nCAP Licensing, LLC is a limited liability company organized under the laws of Utah and has a principal place of business in Wasatch Count, State of Utah.

9.      Defendant nCAP Medical, LLC is a limited liability company organized under the laws of Utah and has a principal place of business in Wasatch Count, State of Utah.

10.     Defendants purport to be the owner of all rights, title, and interest in the Patents-in-Suit.

## **Jurisdiction and Venue**

11.     This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 3**

12.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 1367, 2201(a), and 2202.

13.     As described in more detail below, an immediate, real, and justiciable controversy exists between Plaintiff and Defendant as to whether Plaintiff's products and technology is infringing or has infringed the Patents-in-Suit.

14.     This Court has personal jurisdiction over Defendants because they have purposely availed themselves of the privileges and benefits of the laws of the State of Utah, and conduct business within this State, including, but not limited to, independent direct communications to Defendant to cease and desist or face litigation for patent infringement, and by maintaining in federal court proceedings Plaintiff's alleged infringement; all within the State of Utah.

15.     The Court's exercise of personal jurisdiction over Defendants is consistent with the Constitutions of the United States and the State of Utah.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## Factual Background

17.     Plaintiff manufactures a product under its own "Nio" brand and has by contract(s), permitted Signal Relief, Inc. ("Signal") to manufacture and sell products using the Safe Solar technology on payment of royalties for such use.

18.     Plaintiff received direct communications from an nCAP principal demanding that Safe Solar cease and desist production of its products and that it cease any third-party licensing for use of its technology, alleging nCAP patent infringement.  Moreover, in current pending Federal Court Chapter 11 Bankruptcy proceedings involving Signal (the "Signal Proceedings"), nCAP has stated, among a number of other similar statements, that "…*nCap continues to believe that Signal's 'new technology'* [the Safe Solar technology] *also infringes nCap's patents*". See In

re SIGNAL RELIEF, INC., a Delaware corporation, Bankruptcy Case No. 24-22947-JTM, nCAP "Pretrial Brief" p. 4, Note 3.  In the Signal Chapter 11 Proceedings, and ancillary litigation, it is alleged that nCAP is intentionally trying to put Signal out of business, not only through cancellation of any nCAP related contracts, but now by also precluding Signal from using any other technology to continue producing its patch-based pain relief products. Should Signal be so precluded, Safe Solar would suffer significant damages due to its royalty payment arrangements.

19.    The Defendants' communications directly to Plaintiff and its representations in Federal Court filings constitute affirmative enforcement conduct by Defendants establishing a substantial controversy of sufficient immediacy and reality regarding whether Plaintiff infringes any claim of the Patents-in-Suit.

### **Patents-in-Suit**

20.    Defendants' asserted Patents-in-Suit include the following U.S. Patents.

21.    The '570 Patent to Spencer, *et al*., entitled "Techniques for pain relief" issued July 7, 2020. A true and correct copy of the '570 Patent is attached hereto as **Exhibit A**.

22.    The '985 Patent to Spencer, et al., entitled "Techniques for pain relief" issued July 5, 2022. A true and correct copy of the '985 Patent is attached hereto as **Exhibit B**.

23.    The '761 Patent to Spencer, *et al.*, entitled "Techniques for pain relief" issued April 23, 2024. A true and correct copy of the '761 Patent is attached hereto as **Exhibit C**.

### **Count I**
### **(Declaratory Judgment of Non-Infringement of the '570 Patent)**

24.    Plaintiff restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

25.    As set forth above, Defendants identified the '570 Patent in discussions with Plaintiff, and related court filings, and asserts that Plaintiff's products and technology infringes one or more claims of the '570 Patent.

26.    Plaintiff, however, has not infringed and does not infringe any claim of the '570 Patent either directly or indirectly, literally or under the doctrine of equivalents.

27.    Plaintiff does not infringe the claims of the '570 Patent at least because Plaintiff's products and technology do not meet at least the limitations of "conductive particles dispersed in a binder so that at least a majority of the conductive particles are adjacent to, but do not touch, one another" as required by all the claims of the '570 Patent.

28.    Defendants' infringement allegations against Plaintiff, and Plaintiff's denial of infringement have created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '570 Patent. A valid and justiciable controversy has arisen and exists between Defendants and Plaintiff within the meaning of 28 U.S.C. § 2201.

29.    A judicial determination of non-infringement is necessary and appropriate so that Plaintiff may ascertain its rights regarding the '570 Patent.

**Count II**
**(Declaratory Judgment of Non-Infringement of the '985 Patent)**

30.    Plaintiff restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

31.    As set forth above, Defendants identified the '985 Patent in discussions with Plaintiff, and related court filings, and asserts that Plaintiff's products and technology infringes one or more claims of the '985 Patent.

32.    Plaintiff, however, has not infringed and does not infringe any claim of the '985 Patent either directly or indirectly, literally or under the doctrine of equivalents.

33.    Plaintiff does not infringe the claims of the '985 Patent at least because Plaintiff's products and technology do not meet at least the limitations of "conductive particles dispersed in a binder so that at least a majority of the conductive particles are adjacent to, but do not touch, one another" as required by all the claims of the '985 Patent.

34.    Defendants' infringement allegations against Plaintiff, and Plaintiff's denial of infringement have created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '985 Patent. A valid and justiciable controversy has arisen and exists between Defendants and Plaintiff within the meaning of 28 U.S.C. § 2201.

35.    A judicial determination of non-infringement is necessary and appropriate so that Plaintiff may ascertain its rights regarding the '985 Patent.

**Count III**
**(Declaratory Judgment of Non-Infringement of the '761 Patent)**

36.    Plaintiff restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

37.    As set forth above, Defendant identified the '761 Patent in discussions with Plaintiff, and related court filings, and asserts that Plaintiff's products and technology infringes one or more claims of the '761 Patent.

38.    Plaintiff, however, has not infringed and does not infringe any claim of the '761 Patent either directly or indirectly, literally or under the doctrine of equivalents.

39.    Plaintiff does not infringe the claims of the '761 Patent at least because Plaintiff's products and technology do not meet at least the limitations of "the reactive capacitance layer" as required by all the claims of the '761 Patent and which is in the group of three patents.

40.    Defendants' infringement allegations against Plaintiff, and Plaintiff's denial of infringement have created a substantial, immediate, and real controversy between the parties as

to the non-infringement of the '761 Patent. A valid and justiciable controversy has arisen and exists between Defendants and Plaintiff within the meaning of 28 U.S.C. § 2201.

41.     A judicial determination of non-infringement is necessary and appropriate so that Plaintiff may ascertain its rights regarding the '761 Patent.

## Prayer for Relief

Wherefore, Plaintiff prays for judgment as follows:

A.     Judgment that Plaintiff has not infringed and does not infringe any claim of the Patents-in-Suit;

B.     Judgment that this case is exceptional under 35 U.S.C. § 285 based on Defendant's conduct;

C.     That Defendant be ordered to pay Plaintiff pre-judgment interest on all sums awarded;

D.     An injunction against Defendant and its officers, agents, servants, and employees from directly or indirectly asserting infringement or initiating any action in any Court or online marketplace, for infringement of the Patents-in-Suit against Plaintiff or any of Plaintiff's customers;

E.     An order enjoining Defendant, its privies, and all those in active consort therewith from publicly asserting that Plaintiff's products infringe the Patents-in-Suit;

F.     Judgment in favor of Plaintiff against Defendants on Plaintiff's claims; and

G.     For such other and further relief as the Court deems just and equitable.

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 8**

**<u>Demand for Jury Trial</u>**

Plaintiff demands a trial by jury on all claims and issues so triable.

DATED THIS 12th day of February, 2025.

PARSONS BEHLE & LATIMER


 /s/ *Darren B. Neilson*
Darren B. Neilson
*Attorneys for Plaintiff*

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 9**